# Sarver v. Sarver, Appellant.

*Deed—Fraud—Equity—Evidence—Confidential relation—Inadequacy of price.*

A deed from one brother to another for an undivided interest in real estate which had descended to the grantor and grantee and their brothers and sisters from their father will be set aside, where it appears that the value of the undivided interest was $8,500, and the cash consideration paid was $83.00, that the grantor had long been away from home leading a wandering life, and had no knowledge of the value of his share, that the grantee secretly discovered his whereabouts, and intentionally establishing a confidential relationship, secured the deed by fraudulent representations as to the value of the land, and then secretly got the grantor away and withheld all information as to the transaction from his brothers and sisters for a considerable length of time.

Argued Oct. 21, 1910. Appeal, No. 122, Oct. T., 1910, by defendant, from decree of C. P. No. 3, Allegheny Co., Nov. T., 1909, No. 645, on bill in equity in case of Howard Sarver v. Allen Sarver. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for a reconveyance.

DAVIS, J., filed the following opinion:

This bill is filed by plaintiff against defendant to compel the reconveyance of certain real estate, alleging that such conveyance was procured by fraudulent representations to plaintiff at the time of the conveyance.

From the pleadings and testimony the following facts are found:

1. That the plaintiff and defendant are brothers, and in the year 1906 they each became seized by right of inheritance in and to the undivided one-sixth part of two certain pieces or parcels of land, one containing thirty acres, situate in the first ward of the borough of North Braddock, the other situate in the second ward of the

borough of Braddock and fronting twenty feet on Braddock avenue, and extending back a distance of 120 feet.

2. That the plaintiff on June 11, 1909, conveyed his one-sixth interest in and to the above-described pieces of real estate to the defendant for the actual cash consideration of $83.00. That the defendant intended to take an unrestricted fee simple title in and to the said real estate, and that the value of said one-sixth interest of plaintiff at the time of the conveyance was $8,560. That plaintiff made tender of said $83.00 and demanded a reconveyance.

3. That the plaintiff, at the time of the conveyance was wholly ignorant of his rights in the premises or of the actual value of the property in question, and that no information was given to him on which he could be reasonably expected to have any sufficient knowledge of the actual value.

4. That he had been absent from home about eighteen years and his whereabouts unknown the most of this time to his family, except the defendant. That plaintiff was what might properly be called a ne'er-do-well and drifted from place to place.

5. That on the death of his father in 1906, when plaintiff came into his said inheritance, the defendant agreed with the other heirs to advertise for the plaintiff, and if any knowledge came it should be imparted to the other heirs. That such advertisements were made. That defendant stated to some two or three of the other parties in interest that his brother was ignorant of his rights, and if he could be found his interest could be bought for "a trifle" or "a song."

6. That the defendant then undertook secretly to find the plaintiff, and wrote a number of letters to points where he thought he might possibly be found, finally locating him at Winchester, Virginia. That defendant then wrote plaintiff stating merely that there was some money coming to him from the estate of his parents, and on request, sent plaintiff $8.00 to come to the residence of de-

fendant at Braddock. The plaintiff arrived on the morning of July 11, 1909, and without any delay; without notice to the other heirs; without, according to defendant's own testimony, giving the plaintiff any sufficient knowledge of his rights, an agreement was made and carried into effect the same day, and $250 paid for plaintiff's entire interest in his personal and real estate, and the plaintiff, to say the least, was permitted to depart from whence he came.

7. The following, in addition to the foregoing facts, is found: That as an inducement for the making of the recited agreement, for the conveyance of plaintiff's entire estate, defendant represented to plaintiff in making his offer of $150 for the real estate, that it was not worth much more; that it needed repairs and the taxes were heavy, and it took all the rent to pay the taxes.

8. That at the time of the execution of the deed, in pursuance of this agreement, and at the office of the attorney who prepared the papers, no sufficient knowledge was given to plaintiff of the values of the property he was conveying. This especially appearing when the attorney himself says—"it was clear in my mind that he did not understand the effect."

9. That defendant's intention was to establish a confidential relation with his brother, and in his dealings with the plaintiff placed himself on high moral ground that would naturally lead plaintiff to repose trust and confidence in his, the defendant's, fairness and desire to do right.

### CONCLUSIONS OF LAW.

1. That the defendants' acts and course of dealing, invited trust and confidence, and placed him in a position of confidential relationship with the plaintiff that required him to act in good faith and inform plaintiff fully in reference to all his estate, both real and personal.

2. That the conveyance of the property in question was obtained by defendant from plaintiff in a fraudu-

lent manner, and in utter disregard of the rights of plaintiff.

3. That defendant has no right to hold further title to the said real estate.

4. That the plaintiff has the right to have the real estate described in the bill reconveyed to him forthwith, free from incumbrances suffered or done by the defendant.

### DISCUSSION.

The plaintiff in this case seems to contend that the inadequacy of the consideration is so strong, gross and manifest that it raises a presumption of fraud, and that this transaction should be set aside for that reason alone.

The consideration is so grossly inadequate, namely, one per cent of the actual value, that it casts of itself a very grave suspicion on the whole transaction.

It is the law, however, in Pennsylvania, that inadequacy of price alone is not sufficient to set aside an executed conveyance: Davidson v. Little, 22 Pa. 245; Phillips' Est. (No. 2), 205 Pa. 511.

A person may, with full knowledge of what he is doing and acting on equal terms with the person whom he seeks to favor, give his property away for a nominal consideration, or no consideration; and if he should rue his act he has no remedy, for he has knowingly and willingly placed himself in that position and must abide by the consequences.

That is not the case we have at bar, as will appear from the findings of fact.

The plaintiff was a good deal of a nomad, of little education, apparently somewhat given to the use of intoxicants—as indicated in some parts of his testimony; in impecunious circumstances—as shown by the sending by defendant of the $8.00 in order that he might come on to procure some money from his father's estate; in total ignorance of his property rights and the value thereof, and in addition to this, his brother, the defendant, had a full

knowledge of his property, his character and circumstances, and had made declarations that his brother was ignorant of his rights in the property, and if he could be found his interest could be bought for a trifle or a song. He had also given his consent that advertisements should be made to locate him, and then took steps secretly to locate him; he had assumed a high moral stand in his letters that would lead plaintiff to repose trust and confidence in him; he proceeded with haste to close the matter, obtaining the real estate for a less sum than he had offered; he withheld—according to his own testimony—the actual value of the property; he falsely represented its value as now found as a fact; he caused or permitted plaintiff to depart within a few hours after his arrival, and withheld all information from his brothers and sisters until he had—as he thought—gotten absolute possession and control of plaintiff's property.

When these facts and circumstances are all considered, in connection with the absolutely striking gross inadequacy of price, amounting almost to a total failure of consideration, it can lead to but one conclusion, that the plaintiff and defendant dealt on such unequal terms, and the whole action of the defendant in the premises is so tainted with fraud that immediate reparation should be made and a reconveyance of the real estate should be ordered.

Let a decree be drawn accordingly.

*Error assigned* was decree enjoining a reconveyance.

*Horace J. Thomas*, of *Thomas & Meals*, for appellant, cited: Davidson v. Little, 22 Pa. 245; Phillips's Est., 205 Pa. 511; Good's Est., 227 Pa. 389; Nulton's App., 103 Pa. 286; Penna. R. R. Co. v. Shay, 82 Pa. 198; Martin v. Berens, 67 Pa. 459; Graham v. Pancoast, 30 Pa. 89; Funston v. Twining, 202 Pa. 88; Coleman's Est., 193 Pa. 605.

*Francis S. Bennett* and *John K. Benn*, for appellee, were not heard, but cited in their printed brief: Davidson v.

Little, 22 Pa. 145; Whelen v. Phillips, 151 Pa. 312; Cummings's App., 67 Pa. 404; Stepp v. Frampton, 179 Pa. 284; Worrall's App., 110 Pa. 349; Clark v. Clark, 174 Pa. 309.

PER CURIAM, January 3, 1911:
The decree of the court is affirmed on the opinion of the learned judge of the common pleas.